Good afternoon, Your Honors. May it please the Court, Michael Tanaka, Deputy Federal Public Defender, appearing on behalf of Appellant Siobhan Walker. This case presents a very simple issue, and that is, did the District Court commit clear error when it credited the District Attorney's explanation as race-neutral for striking the only black juror? Do we have to defer to the trial court's judgment about motive under 2254? TANAKA The trial court didn't actually make a judgment about motive under 2254, so I believe the answer to that question is no. There was no factual finding by the trial judge. You mean the State Court trial judge? Yes. So you're principally concentrating on the trial and to the juror. Is that right? That's correct, Your Honor. Thank you. So the issue is whether the District Attorney's explanation should be credited. Now, I want to take this opportunity to point out and narrow my reply brief. I stated that the District Attorney used his first strike to remove the juror. That really should have struck the juror at his first opportunity. It obviously wasn't his first strike. The juror wasn't even in the box at that point. So what's the record show with respect to the strike in the evidentiary hearing in federal court? Well, it shows that his explanation was that he struck the juror because in a robbery case, this juror had two family members who had been convicted of robbery 10 years ago. Now, on its face, that's an unassailable explanation. Now, no one could fault a trial lawyer for striking a juror in a robbery case whose family was involved in robbery. But that's not the end of the issue. The hearing went on and, sir, to quote Shakespeare, the problem here is that the District Attorney protested too much. That is, as he was explaining everything that went on, he made some statements that just strike neutral observers as faintly incredible. Counsel, let me get back to my earlier issue. Yes, Your Honor. You're currently arguing as though we get to decide that. And what I'm wondering is whether we don't. All we get to decide is whether the state court was so unsupportable in its conclusion that we overturn it despite 28 U.S.C. 2254. And what particularly concerns me is excerpts 150 and 151 where the California Court of Appeal goes through them. Am I right on what our decision is? Whether to defer rather than whether the strike was racially motivated? I agree that that's a primary question. I can respectfully submit that there is no difference out here under the precedence of the circuit. Paulino v. Castro and other cases make it very clear. I think Johnson, as well from the U.S. Supreme Court, make it clear that there is no difference due under 2254 where the state court uses the wrong standard. And here, as the Court is all well aware, Batson involves a three-step inquiry. The first step is whether there's a prima facie case. And the clearly established law of the U.S. Supreme Court is that a prima facie case is shown where there's a reasonable inference that the striking party used race as a factor. And that was the California standard at that time. It was a reasonable likelihood, which has been noted to be a higher standard. And for that reason, the cases of this circuit say that where the California courts use that standard, then there is no difference due under 2254D. And, of course, the California court never actually got to making a determination on what the prosecutors. So what Supreme Court case would you say has clearly been erroneously applied by the California court? It would be Batson, Your Honor. What? Batson. And how does it violate Batson? It violates Batson because there's – well, the California courts violated Batson by not following the first step, which is they used a standard of reasonable If you're going to speak louder, I'm going to hear you. I'm trying. The California appellate court here, the last reason decision, used a standard of reasonable likelihood in deciding whether there was a prima facie case. That is an incorrect standard under Batson. And the Johnson Supreme Court has decided that? Yes, it has, Your Honor. I'm not sure that they did. At page 149 at footnote 6, whether they're correctly reading California law or not, the state court of appeal in this case said that the moving party has to at least raise a reasonable inference, which is the federal standard. It looks like whether they're supposed to or not, they followed the Ninth Circuit rule. Tell me what I'm missing there. Well, I'd like to. Well, we said so in Paulino, didn't we? Yeah. I'm sorry, Your Honor. The language that the California courts have used preceding Box, before Box clarified the standard, or Johnson clarified the standard, this Court has clearly, under its precedence, made it clear that when the court uses that language, when the California courts use that language, then there is no deference due in this review. What about the language Judge Kleinfeld just read to you? We don't care what California courts in general do. It's this case. This case. How about responding to the language that was just read to you? Well, I'd have to go back over the record, Your Honor. I believe that the trial court used this language. But this is a manner of interpreting what is in the opinion. You don't have to go over the record. Read it and see what you think it means. I think it means that they're associating strong likelihood. What does it say? It says, in order to show such strong likelihood, the moving party must at least raise a reasonable Well, I must confess, I'm at a little bit of a loss, because I didn't prepare this case, and that all parties up until now have preceded it as if the State court. And in that regard, I can understand your confusion because it looks like the state court didn't follow state law. They followed federal law. Yeah. And which is a little sometimes a little confusing. Let me ask you about something else. I apologize. That's all right. Let me ask you about something else before we run out of time. I looked at these challenges, and I couldn't figure out what gave rise to an indication that it was racially based. And here's my problem. The man that was bumped, his brother and his brother-in-law were robbers. That's close relationships. Most people know their brothers and brothers-in-law. Another one, his nephew was convicted of something. I don't even know all my nephews. I wouldn't even recognize them. And another one also had some sure-tail relative convicted of something, but he worked for the DA's office. And the prosecutor always wants people who work for the DA's office. So it didn't look like there was anything phony. What is it that indicates that this was phony, that the prosecutor was just trying to get rid of black people? Well, the most salient fact is that it was the only black juror, and he struck him before he could even enter the box. But wasn't any prosecutor, was there anything else except that he was the only black? I mean, he's also the only brother and brother-in-law of robbers in a robbery trial. That's correct. And the other factor was that the prosecutor had used a pattern of striking non-white jurors, or at least with Spanish surnames. What was the ultimate composition of the jury? Is that in the record? That's not in the record. So for all we know, he struck Hispanics, and the rest of the jury also consisted of Hispanics. That's correct. But as Your Honor knows, it doesn't take much. And that's actually the whole point of the Supreme Court authority, that a reasonable inference could be virtually anything. And it's at that point that it raises a duty of inquiry, which is the only thing it does, and not very onerous at all. Thank you, counsel. Good afternoon, Deputy Attorney General J. Michael Layton. On behalf of Respondent Apolli, Warden Michael Yarbrough. Well, let me try to wade in on the 2254 issue the panel was asking my brother counsel about. I apologize because this also was not in my briefs. In the year 2000, the California Supreme Court ruled in People v. Box that California courts were to use the exact language from Wheeler and use that standard. That was the year 2000, because prior to that, there had been some confusion. In 2000, the California Supreme Court in California v. Box corrected it the correct way, to match with Batson. In 2003, in People v. Johnson, the California Supreme Court corrected it by saying, in fact, that the exact same standard, they always have been the same standard, and to the extent there are DCA cases that say otherwise, they're wrong. So there was a period between 2000 and 2003 where the California Supreme Court was telling courts of appeal and trial courts that they were to follow precisely the Batson standard, including the precise language. If memory serves, this court of appeal case was post-Box, or at least it was certainly pre-People v. Johnson. Based on the language that Judge Kleinfeld was just quoting, I believe deference is due in the step one analysis. But assuming it's not, in the step three analysis, deference is due to the district court, the federal district court in this case, because after all it heard the evidence, it not only found the reason credible, it found the prosecutor himself credible. And just to add quickly, the magistrate judge herself questioned the prosecutor on several areas. So unless the Court has any questions. It's just all about credibility. She found the prosecutor credible. That's right. And a simple historical fact issue found by the trier of fact, in this case the district court, if we get to step three, you don't need 2254 for that. Part of the problem here was that the prosecutor, the Superior Court judge didn't give the prosecutor a chance to offer up his race-neutral explanation. Yeah. And supplied it for him. Supplied it for him. Also, I think some of the language was troubling in the sense that the trial court said, well, I realize it looks bad, something to that effect, because after all you didn't let the man sit down. I don't know. Maybe that's a matter of courtesy or not, but that's what. I suppose I can see why, if one is looking at this, it looks a little confusing, a little perhaps not the right way to go about things. But as I say, I think under step one, the California Court of Appeals did apply, as it happens, to the correct standard. So we shouldn't even be getting to steps two or three. But on the step three, we had a magistrate judge who did conduct a hearing, had the prosecutor there, listened to him, questioned him, found him credible. Can the State Court of Appeals, I guess what I'm guessing, can it do the step one? If the trial court has said there was no step one, in other words, that the prima facie case was not shown? Well, no. I hear they didn't even get, the trial court didn't even ask. Well, it wouldn't ask unless step one was completed. You mean step two? Step two. Can it do? It's going to do step two, I guess. I don't know if it can do step two. The district court was obviously troubled that it appeared that it was and indicated that in Paulino-Castro that was problematic. I would say, however, that Paulino v. Castro, the Court specifically said there is no basis in the record for understanding why at step three. Therefore, it's unrobotic. Therefore, we have to reverse. Here, I think, and again, we're going back to step one, but even no deference had been paid. Will you have in the record a fairly obvious step two that I think it could? I don't know if that answers the question. Or do you satisfy the question? It's fairly clear that the district magistrate judge made a credibility determination, period. That would certainly be our position. And there are no further questions. Thank you, counsel. Thanks. Walker v. Yarborough. Oh, you have a few moments left. I'm sorry. I want to apologize to the Court because I think I misspoke. I'm looking at the footnote that Judge Kleinfeld presents, and I must confess it's the first time I read that footnote. And I replied on the district court's ruling, which indicates that both the trial court and the court of appeals use the strong likelihood language. Unless I'm missing something, I have to agree with the Court that it is due 2254D deference at stage one. That's just the way the case is. Thank you, counsel, for your candor. Appreciate it. Thank you. Walker v. Yarborough is submitted. We'll hear Morris v. Terhune.
judges: Noonan, Kleinfeld, Paez